UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD K. JOHNSON,<br><br>    Petitioner,<br><br> v.<br><br>STATE OF WASHINGTON,<br><br>    Respondent. | Case No. C08-5474FDB-KLS<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for January 9, 2009 |

This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254. (Dkt. #3). Respondent has answered the petition and filed the relevant state court records. Petitioner has not filed a reply to respondent's answer. Thus, the case is ripe for review and a decision by the Court.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner was found guilty of the crime of burglary in the second degree on June 22, 2004, by the Pierce County Superior Court. Respondent's Submission of Relevant State Court Record ("Record"), Exhibit 1 (Dkt. #13). The Washington State Court of Appeals, Division II, summarized the relevant facts of this case as follows:

> . . . On September 16, 2003, Simcoe saw a man she did not know walking along her driveway, towards the street and away from her garage. The man was carrying tools she recognized as hers. She normally stored the tools inside the garage; she later

> discovered they were no longer there. Simcoe identified Johnson as the man she saw walking away from her garage carrying her tools. Johnson did not have permission to enter the garage or take the tools.
>
> . . . The garage was not attached to the house. The Simcoes stored tools, lawn equipment, and personal belongings in the garage. The garage was a permanent structure, built in the same wood-framed style as the house. It had a concrete floor, a roof, and four sides. The front side had an opening for a vehicle garage door, but no door was installed. This meant that the garage was not and could not be fully enclosed. Because of the missing door, the garage was enclosed on three sides but open on the fourth like a shop or a bay.
>
> . . . The State charged Johnson with second degree burglary and third degree theft. Johnson unsuccessfully moved to dismiss the charges prior to trial, arguing that because the missing garage door meant that the garage could not be secured, it was not a building as that term is used in the second degree burglary statute.
>
> . . . At trial, the trial court rejected the defense definition of building and gave the jury a standard jury instruction: "Building, in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container or any other structure used mainly for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods." . . . The parties argued to the jury whether the garage met that definition.
>
> . . . The State also asked that the court's elements instruction for second degree burglary omit the means of unlawfully remaining. The defense acquiesced in the State's request to omit the "or remaining" language, but the court inadvertently included "remaining" in element (2), the intent element. . . .
>
> . . . The jury convicted Johnson as charged, and the court imposed a standard range sentence of 68 months for the burglary and suspended a 12-month sentence on the third degree theft conviction. . . .

Id., Exhibit 4, State v. Johnson, 132 Wn.App. 400, 403-05 (2006) (internal footnotes and citations omitted). Petitioner was sentenced to a total prison term of 68 months. Id., Exhibit 1. On July 14, 2004, petitioner was found guilty of the crime of theft in the third degree, for which he received a suspended sentence. Id., Exhibit 3.

Petitioner appealed his convictions to the Washington State Court of Appeals, Division II, which affirmed those convictions on March 7, 2006. Id., Exhibits 4-5. Petitioner filed a petition for review of the court of appeals' decision with the Washington State Supreme Court, which denied it on January 31, 2007. Id., Exhibits 11-15. On March 20, 2007, petitioner filed a motion for reconsideration of that decision, but because the decision was not subject to reconsideration, the supreme court took no further action on it. Id., Exhibit 16. On March 23, 2007, the Washington State Court of Appeals, Division II, issued its mandate, stating its March 7, 2006 decision became the decision terminating review on January

31, 2007. Id., Exhibit 17.

On April 12, 2007, petitioner filed a personal restraint petition with the Washington State Court of Appeals, Division II, which dismissed it on January 24, 2008. Id., Exhibits 18 and 21. On February 27, 2008, petitioner filed with the court of appeals a "Notice of Motion for Discretionary Review," requesting an extension of time in which to file a motion for discretionary review of the court of appeals' decision. Id., Exhibits 22. The court of appeals forwarded the notice to the Washington State Supreme Court, which the Washington State Supreme Court's Deputy Clerk denied on March 3, 2008. Id., Exhibits 23. The supreme court denied petitioner's motion to modify the deputy clerk's ruling on April 30, 2008. Id., Exhibits 24-26. On June 30, 2008, the court of appeals issued its certificate of finality, stating its January 24, 2008 decision became final on April 30, 2008. Id., Exhibit 27.

On July 29, 2008, petitioner filed his petition for writ of *habeas corpus* with this Court. (Dkt. #1-#3). In his petition, petitioner challenges the legality of his conviction based on the following grounds for federal *habeas corpus* relief:

(1) Being denied the equal protections of the laws and statutes of Washington State – Failure to disclose RCW statute.

(2) Trial court – failed to add the complete statute to RCW 9A.04.110(5) [sic] the part describing each unit of a building must be separately secured.

(3) The photographs taken of the statute's [sic] suppressed the truth about the missing wall.

(4) Misleading the jury as to all applicable definitions of dwelling house – outbuilding [sic] such as garages.

(Dkt. #3).

There appears to be no issue of timeliness concerning the filing of petitioner's federal *habeas corpus* petition with this Court. Rather, in his answer, respondent argues the petition should be dismissed prior to getting to the merits of petitioner's claims for the following reasons:

(a) the Court lacks subject matter jurisdiction because petitioner does not show he is in custody for purposes of 28 U.S.C. § 2254;

(b) the Court lacks personal jurisdiction because petitioner has not named a proper respondent; and

(c) petitioner has failed to exhaust state remedies with respect to each of the grounds he raises and is now procedurally barred from doing so.

(Dkt. #12). As noted above, petitioner has not filed a reply to respondent's answer. Nevertheless, based

on the petition, respondent's answer and the record before the Court, the undersigned finds that for the reasons set forth below the Court lacks both subject matter and personal jurisdiction in this matter,[1] and therefore recommends that the Court deny the petition.

## NO EVIDENTIARY HEARING IS REQUIRED

In a proceeding instituted by the filing of a federal *habeas corpus* petition by a person in custody pursuant to a judgment of a state court, the "determination of a factual issue" made by that court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Under 28 U.S.C. § 2254(e)(1), the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." Id.

Where a petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary hearing in federal court will not be precluded. Baja v. Ducharme, 187 F.3d 1075, 1078-79 (9th Cir. 1999) (quoting Cardwell v. Greene, 152 F.3d 331, 337 (4th Cir. 1998)). On the other hand, if the petitioner fails to develop "the factual basis of a claim" in the state court proceedings, an evidentiary hearing on that claim shall not be held, unless the petitioner shows:

(A) the claim relies on--

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense

28 U.S.C. § 2254(e)(2).

An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the right to relief." Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998). It "is *not* required on issues that can be resolved by reference to the state court record." Id. (emphasis in original). As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." Id.; United States v. Birtle,

---

[1] Because the Court lacks subject matter, as well as personal, jurisdiction here, it need not address the issue of exhaustion of state court remedies, and thus the undersigned declines to do so here.

REPORT AND RECOMMENDATION
Page - 4

792 F.2d 846, 849 (9th Cir. 1986) (evidentiary hearing not required if motion, files and records of case conclusively show petitioner is entitled to no relief) (quoting 28 U.S.C. § 2255).

Here, "[t]here is no indication from the arguments presented" by petitioner "that an evidentiary hearing would in any way shed new light on the" grounds for federal *habeas corpus* relief raised in his petition. Totten, 137 F.2d at 1177. Indeed, because, as discussed below, this matter may be resolved based solely on the state court record, which establishes the Court lacks both subject matter and personal jurisdiction, no evidentiary hearing is required, and petitioner is prevented from getting to the merits of the claims contained in his petition.

## DISCUSSION

I.  Standard of Review

A federal petition for writ of *habeas corpus* filed on behalf of a person in custody pursuant to a judgment of a state court:

> [S]hall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> 
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Thus, 28 U.S.C. § 2254(d) "defines two categories of cases" where such relief may be obtained. Williams v. Taylor, 529 U.S. 362, 404 (2000).

Under 28 U.S.C. § 2254(d)(1), a state court decision is "contrary to" the Supreme Court's "clearly established precedent if the state court applies a rule that contradicts the governing law set forth" in the Supreme Court's cases. Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams, 529 U.S. at 405-06). A state court decision also is contrary to the Supreme Court's clearly established precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, "and nevertheless arrives at a result different from" that precedent. Id.

A state court decision can involve an "unreasonable application" of the Supreme Court's clearly established precedent in the following two ways: (1) the state court "identifies the correct governing legal rule" from the Supreme Court's cases, "but unreasonably applies it to the facts" of the petitioner's case;

or (2) the state court "unreasonably extends a legal principle" from the Supreme Court's precedent "to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 529 U.S. at 407. However, "[t]he 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." Lockyer, 538 U.S. at 75. That is, "[t]he state court's application of clearly established law must be objectively unreasonable." Id.

Under 28 U.S.C. § 2254(d)(2), a federal petition for writ of *habeas corpus* also may be granted "if a material factual finding of the state court reflects 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Juan H. V. Allen, 408 F.3d 1262, 1270 n.8 (9th Cir. 2005) (9th Cir. 2005) (quoting 28 U.S.C. § 2254(d)(2)). As noted above, however, "[a] determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

II. Scope of Review and Harmless Error

The district court may not "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Thus, the court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68; see also Smith v. Phillips, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). In addition, for federal *habeas corpus* relief to be granted, the constitutional error must have had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (citation omitted). In other words, a petitioner is "not entitled to habeas relief based on trial error," unless he or she "can establish that it resulted in 'actual prejudice.'" Id.

III. The Court Lacks Subject Matter Jurisdiction Over the Petition

A district court has "jurisdiction to entertain petitions for [federal] habeas [corpus] relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) (emphasis added by supreme court). The Court's subject matter jurisdiction in section 2254 proceedings, therefore, "is limited to those persons 'in custody pursuant to the judgment of a State [court].'" Brock v. Weston, 31 F.3d 887, 889 (9th

Cir. 1994) (citing 28 U.S.C. 2241(c)(3)); see also Dow v. Circuit Court, 995 F.2d 922, 923 (9th Cir. 1993) ("To invoke federal habeas corpus review, the petition must be 'in behalf of a person in custody pursuant to the judgment of a State court.'" ) (quoting 28 U.S.C. § 2254(a)).

The petitioner "must be 'in custody' when the application for habeas corpus is filed." Carafas v. LaVallee, 391 U.S. 234, 238 (1968); see also Maleng, 490 U.S. at 490-91 (*habeas corpus* petitioner must be in custody under conviction or sentence under attack at time petition is filed). "[T]he 'in custody' language" of the federal *habeas corpus* statute, however, does not require that the petitioner "be physically confined in order to challenge" his or her conviction or sentence. Maleng, 490 U.S. at 491; see also Dow, 995 F.2d at 923 (custody requirement of 28 U.S.C. § 2254 may be met even if petitioner is not physically confined); Lefkowitz v. Fair, 816 F.2d 17, 19 (1st Cir. 1987) ("[T]he meaning of 'custody' . . . in the § 2254 context, . . . is no longer limited to *physical* custody.") (emphasis in original); Harts v. State of Indiana, 732 F.2d 95, 96 (7th Cir. 1984) ("It is well settled that the custody requirement may be met even if the petitioner is not actually imprisoned.").

"[T]o satisfy the custody requirement" when not physically confined, however, the petitioner "must demonstrate that he [or she] is subject to a significant restraint upon his [or her] liberty 'not shared by the public generally.'" Dow, 995 F.2d at 923 (quoting Jones v. Cunningham, 371 U.S. 236, 240 (1963)); see also Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (petitioner subject to restraints not shared by public generally was in custody for purposes of *habeas corpus* statute). "Whether someone who is not under physical constraint can be considered in custody," therefore, "depends on the amount of restriction placed on his or her individual liberty." Harts, 732 F.2d at 96. Thus, while as explained below, certain adverse "collateral consequences" of a conviction "might suffice to render a prisoner 'in custody' for purposes of attacking" his or her conviction, not all such consequences will suffice to do so. Feldman v. Perrill, 902 F.2d 1445, 1447 (9th Cir. 1990).

A prisoner who has been "placed on parole," for example, is "still 'in custody' under his unexpired sentence," because his or her "release from physical confinement under the sentence in question" is "not unconditional." Maleng, 490 U.S. at 491; see also Dow, 995 F.2d at 923 ("A petitioner on parole . . . is 'in custody' within the meaning of section 2254, because the parole restrictions 'significantly restrain [the] petitioner's liberty to do those things which in this country free men are

entitled to do.'") (quoting Jones, 371 U.S. at 243). "[A] petitioner who is released on his [or her] own recognizance pending appeal is also 'in custody' due to 'the conditions imposed on [that] petitioner as the price of his [or her] release.'" Dow, 995 F.2d at 923 (quoting Hensley, 411 U.S. at 348-49).

"[O]nce the sentence imposed for a conviction has completely expired," however, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492. Indeed, the United States Supreme Court has "never held" a petitioner to "be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his [or her *habeas corpus*] petition is filed." Id. at 491 (emphasis in original). Thus, while the Supreme Court has "very liberally construed the 'in custody' requirement for purposes of federal habeas," it has "never extended" that construction "to the situation where a habeas petitioner suffers no present restraint from a conviction." Id. at 492; see also Carafas, 391 U.S. at 238 n.12 ("If there has been, or will be, an unconditional release from custody before inquiry can be made into the legality of detention, . . . there is no habeas corpus jurisdiction."); Feldman, 902 F.2d at 1448 ("Because the sentence for [the petitioner's] conviction expired before [he] filed his petition, it cannot satisfy the 'in custody' requirement.").

A petitioner seeking federal *habeas corpus* relief "bears the burden of establishing subject matter jurisdiction." Ashoff v. City of Ukiah, 130 F.3d 409, 410 (9th Cir. 1997). This requires, as noted above, a showing that the petitioner's conviction has not completely expired prior to the filing of his or her *habeas corpus* petition, which means that the petitioner still must be under at least some present restraint from the conviction. Thus, "[a] petitioner who files a habeas petition after he [or she] has fully served his [or her] sentence and who is not subject to court supervision is not 'in custody' for the purposes of" federal subject matter jurisdiction. DeLong v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). Similarly, also as noted above, a prisoner who has been placed on parole or a petitioner who has been released on his or her own recognizance pending appeal is "in custody," because they are subject to conditions resulting from their confinement which impose significant restrictions on their liberty.

On the other hand, again as noted above, not all collateral consequences of a criminal conviction are sufficient to satisfy the "in custody" requirement. Thus, while "[t]here is an 'irrebuttable' presumption that [adverse] collateral consequences arise from any criminal conviction," the existence of which will prevent a *habeas corpus* petition from being deemed moot, to establish subject matter

REPORT AND RECOMMENDATION
Page - 8

jurisdiction the petitioner must be subject "'at the least, to some type of continuing governmental supervision.'" Wood v. Hall, 130 F.3d 373, 376 (9th Cir. 1997); Lefkowitz, 815 F.2d at 19; see also Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994) (petition becomes moot only if there is no possibility that any collateral legal consequences will be imposed on basis of challenged conviction). Accordingly, "even grievous collateral consequences stemming directly from a conviction [that do not impose such a restraint on liberty] cannot, without more, transform the absence of custody into the presence of custody for the purpose of habeas review." Lefkowitz, 815 F.2d at 21.

In light of this, it is clear that "[n]ot every restraint on liberty . . . is significant enough to meet" the above test. Harts, 732 F.2d at 96. "[T]he boundary that limits the 'in custody' requirement" necessary to establish subject matter jurisdiction, therefore, "is the line between a 'restraint on liberty'" and a mere "'collateral consequence of a conviction.'" Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) (citations omitted). A restraint on liberty, as noted above, appears to require imposition of a significant restriction on the petitioner's liberty, such as court or other government supervision. "Some of the typical collateral consequences of a conviction," on the other hand, "include the inability to vote, engage in certain businesses, hold public office, or serve as a juror." Id. "[T]he imposition of a fine," furthermore, "or the revocation of a license also is merely a collateral consequence of a conviction," and thus "does not meet the 'in custody' requirement." Id.

The record here fails to show that at the time he filed his federal *habeas corpus* petition, petitioner was subject to the kind of significant restriction on his liberty required to establish the existence of subject matter jurisdiction in this matter. Petitioner filed his petition with this Court on July 29, 2008. However, it appears that petitioner was released from prison nearly a year prior thereto, on August 14, 2007. Record, Exhibit 2. As such, petitioner no longer is in physical confinement for his burglary conviction. Petitioner also received a suspended sentence for his theft conviction, which terminated two years after the date of his sentence, July 14, 2004. See id., Exhibit 3. In addition, neither of the sentences that were imposed on petitioner due to his two criminal convictions appear to require any further court or other governmental supervision, such that the kind of significant limitation on his liberty contemplated by the above case law remained at the time this matter was commenced.

Rather, at most, petitioner's sentence requires him to pay certain financial obligations related to his convictions, to have no contact with the victims of his crimes, to not own, use or possess a firearm,

and to engage in law abiding behavior. Record, Exhibits 1 and 3. While it does appear that the state trial court is to maintain jurisdiction over petitioner for the purpose of "compliance with payment of the legal financial obligations" he incurred in regard to his burglary conviction until that "obligation is completely satisfied," there is no indication this involves any active supervision by that court. Id., Exhibit 1. It also appears that petitioner was given "bench probation," and therefore was placed "under the supervision" of the trial court with respect to his theft conviction. Id., Exhibit 3. As noted above, though, that conviction terminated two years after petitioner's sentencing date, or by mid-July 2006. As such, although certainly these constitute adverse collateral consequences which flow from petitioner's convictions, they are either merely that or they are no longer being imposed on him, and thus are insufficient to establish subject matter jurisdiction over his *habeas corpus* petition.

IV.  The Court Lacks Personal Jurisdiction in the Matter

"A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (proper respondent to *habeas corpus* petition is person who has custody over petitioner); Smith v. Idaho, 383 F.3d 934, 937 (9th Cir. 2004) (petitioner for *habeas corpus* relief under 28 U.S.C. § 2254 must name state officer having custody of him or her as respondent). "This person typically is the warden of the facility in which the petitioner is incarcerated." Stanley, 21 F.3d at 360; see also Rumsfeld, 542 U.S. at 435 (custodian of petitioner is person with ability to produce petitioner's body before *habeas corpus* court); Smith, 383 F.3d at 937.

"Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley, 21 F.3d at 360; Smith, 383 F.3d at 937. However, "personal jurisdiction – unlike subject-matter jurisdiction – may be waived." Smith, 383 F.3d at 937; see also Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."). As noted above, the proper respondent is the petitioner's "immediate custodian . . . named . . . in his or her official capacity, as the state official legally responsible for the petitioner's continued detention." Smith, 383 F.3d at 937-38. Because the petitioner's custodian "is the state's agent," the state is "the custodian's principal," and therefore "the state may waive the lack of personal jurisdiction on the custodian's behalf." Smith, 383 F.3d at 937-38.

Here, though, neither respondent nor the state itself has waived personal jurisdiction in this matter. Indeed, respondent specifically is requesting that the Court deny the petition in part on the basis that there is a lack of personal jurisdiction in this case. Petitioner, furthermore, has named the State of Washington as the respondent, but, as noted above, because the State of Washington is not the warden of the facility at which he is incarcerated, or in any other way is his immediate custodian, that is not the proper respondent in this *habeas corpus* proceeding. In addition, it is difficult to see how petitioner properly could name any respondent in this matter. This is because, as explained above, at no time since petitioner filed his petition in this Court was he "in custody," physically or otherwise. As such, the undersigned finds there to be a lack of personal jurisdiction here, and thus petitioner's *habeas corpus* petition should be dismissed on this basis as well. See Stanley, 21 F.3d at 360 (remanding with instructions to dismiss for lack of jurisdiction unless petitioner can timely amend his petition to name correct party as respondent).

## CONCLUSION

For the reasons set forth above, petitioner has failed to establish the existence of subject matter and personal jurisdiction in this matter, and thus has failed to show that he is entitled to federal *habeas corpus* relief. Accordingly, the Court should deny petitioner's petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **January 9, 2008**, as noted in the caption.

DATED this 16th day of December, 2008.

Karen L. Strombom
United States Magistrate Judge